```
SAO
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
```
**THE COTTLE FIRM**
8635 S. Eastern Avenue
Las Vegas, Nevada 89123
Telephone: (702) 722-6111
Facsimile: (702) 834-8555
rcottle@cottlefirm.com
mholland@cottlefirm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \* \*

| | |
|---|---|
| BYRON JAMAL POTTS, individually,<br><br>Plaintiff,<br><br>vs.<br><br>BUDDHA ENTERTAINMENT, LLC a Foreign Limited-Liability Company, d/b/a TAO NIGHTCLUB; DOE INDIVIDUALS I-X and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-01941-GMN-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |

Plaintiff BYRON JAMAL POTTS, through his counsel THE COTTLE FIRM, and Defendant BUDDHA ENTERTAINMENT, LLC d/b/a TAO NIGHTCLUB (hereinafter "BUDDHA"), through its counsel JEREMY ALBERTS, ESQ., of WEINBERG WHEELER, HUDGINS, GUNN & DIAL, LLC, hereby stipulate and agree, pursuant to LR 26-3, to vacate and extend the current discovery deadlines set forth in the Order filed on November 7, 2024.

**A. DISCOVERY COMPLETED TO DATE:**

1. Plaintiff served his Initial List of Witness and Documents Pursuant to FCRP 26(a)(1) on November 6, 2024.

2. Defendant BUDDHA served its Initial List of Witness and Documents Pursuant to FCRP 26(a)(1) on November 6, 2024.

3. Defendant served its First Set of Interrogatories to Plaintiff on December 9, 2014.

4. Defendant served its First Set of Requests for Production of Documents to Plaintiff on December 9, 2014.

5. Plaintiff served his First Set of Interrogatories to Defendant BUDDHA on January 29, 2025.

6. Plaintiff served his First Set of Requests for Production of Documents to Defendant BUDDHA on January 29, 2025.

B. DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED:

1. Plaintiff intends to take the deposition of Defendant pursuant to FRCP 30(b)(6).

2. Defendant intends to take the deposition of Plaintiff.

3. Defendant still needs to respond to Plaintiff's discovery requests, to include Interrogatories and Requests for Production of Documents.

4. Plaintiff still needs to respond to Defendant's discovery requests, to include Interrogatories and Requests for Production of Documents.

5. Defendant still needs to respond to Plaintiff's discovery requests, to include Interrogatories and Requests for Production of Documents.

6. Plaintiff still needs to gather Plaintiff's medical records from the states of Wisconsin and Nevada.

7. The parties intend to take expert depositions.

8. Plaintiff still has to do a site inspection with Plaintiff's expert of the Defendant premises where the incident occurred.

C. REASON WHY DISCOVERY WAS NOT COMPLETED:

The extension for additional time is requested as the parties have worked amicably toward endeavoring to discover certain key facts that may be dispositive to the continuation of this

action. Specifically, the Plaintiff believes that a prior physical altercation between patrons unrelated to this litigation preceded his injury event by one to two hours. During the course of this altercation, drinks and liquids were spilled onto the floor creating a hazardous condition for potential slip and fall incidents. The Plaintiff will allege that he observed the liquid on the floor which followed the altercation and reported the condition to the Defendant's employees with the expectation that the condition would be remediated. Later in the evening, the Plaintiff will allege he slipped and fell on liquid on the floor in the same location while in the course of an altercation of his own with another patron.

Counsel for the parties met to discuss the availability of security incident statements and video surveillance that may have captured the preceding events which led to the presence of the liquid the Plaintiff subsequently encountered. However, the statements and surveillance footage relevant to corroborating the prior occurrence is in the possession of a third-party. The Defendant has requested that the requested materials be provided, but there have been delays in the production. Additionally, the Plaintiff has also sent the Defendant specific written discovery requests to obtain copies of any such reports or video footage under FRCP 34.

Motivated by a quite practical effort to ascertain whether such corroborating evidence exists or does not exist, the parties request an extension of 60 days for all discovery deadlines in this action, specifically including the deadline for initial expert disclosures. The discovery of any evidence of this prior altercation is quite material to counsel's determination as to whether the further investment of time and financial resources required to prosecute the case is justified.

The parties submit that these reasons constitute good cause for an order granting the parties' request to extend the discovery deadlines.

**D. CURRENT DISCOVERY AND PRE-TRIAL DEADLINES:**

1. Discovery Cut-Off Date: April 22, 2025

| | | | |
|---|---|---|---|
| 2. | Amending the Pleadings and Adding parties: | | January 22, 2025 |
| 3. | Disclosure of Initial Experts: | | February 21, 2025 |
| 4. | Disclosures of Rebuttal Experts: | | March 24, 2025 |
| 5. | Dispositive Motions: | | May 22, 2025 |
| 6. | Pre-Trial Order: | | June 20, 2025 |

**E. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY:**

| | | | |
|---|---|---|---|
| 1. | Discovery Cut-Off Date: | | **June 20, 2025** |
| 2. | Amending the Pleadings and Adding Parties: | | **March 21, 2025** |
| 3. | Disclosure of Initial Experts: | | |
| | a. Plaintiff's Initial Expert Disclosures: | | **April 22, 2025** |
| | b. Defendants' Initial Expert Disclosures: | | **April 22, 2025** |
| 4. | Disclosures of Rebuttal Experts: | | **May 23, 2025** |
| 5. | Dispositive Motions: | | **July 21, 2025** |

///

///

///

///

///

///

///

///

///

///

///

6.  Pre-Trial Memo: (no change)  **August 19, 2025**

The parties do not bring this stipulation for purpose of delay.

DATE February 4, 2025

**THE COTTLE FIRM**

By: */s/ Matthew G. Holland*
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
8635 S. Eastern Avenue
Las Vegas, NV 89123
*Attorneys for Plaintiff*

DATE February 4, 2025

**WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC**

By*:   /s/ Stephanie Glantz (see attached)*
JEREMY R. ROBERT, ESQ.
Nevada Bar No. 10497
STEPHANIE GLANTZ, ESQ.
Nevada Bar No. 14878
6385 South Rainbow Blvd., #400
Las Vegas, Nevada 89118
jalberts@wwhgd.com
sglantz@wwhgd.com
*Attorneys for Defendant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/10/2025

Respectfully submitted by:

**THE COTTLE FIRM**

*/s/ Matthew G. Holland*
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
8635 S. Eastern Avenue
Las Vegas, NV 89123
*Attorneys for Plaintiff*